**JOSHUA L. DRATEL**
**ALICE L. FONTIER**
DRATEL & MYSLIWIEC, P.C.
2 Wall Street, 3rd Floor
New York, New York
*Attorneys for Basaaly Moalin*

Attorneys for Basaaly Moalin

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE JEFFREY T. MILLER )**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 10-CR-4246 (JM) |
| Plaintiff, | |
| vs. | MEMORANDUM OF LAW IN SUPPORT OF JOINT RENEWED MOTION TO TAKE DEPOSITION OF FARAH SHIDANE A/K/A "FARAH YARE" PURSUANT TO RULE 15, FED. R. CRIM. P. |
| BASAALY SAEED MOALIN, MOHAMED MOHAMED MOHAMUD, ISSA DOREH, AHMED NASIR TAALIL MOHAMUD, | |
| Defendants. | |

**Introduction**

This Joint Memorandum of Law is respectfully submitted in support of defendants Basaaly Moalin, Mohamed Mohamed Mohamud, Issa Doreh, and Ahmed Nasir Taalil Mohamud's renewed motion, pursuant to Rule 15, Fed. R. Crim. P., for leave to take the deposition of Farah Shidane, a/k/a "Farah Yare."

Notwithstanding the Court's order allowing the defense to take Mr. Shidane's deposition in Djibouti, Djibouti, and despite Mr. Shidane's willingness to provide testimony, Mr. Shidane refused to leave Somalia and travel to Djibouti for his deposition due to his fear of prosecution and because the government refused to offer him safe passage. Because Mr. Shidane's testimony

is relevant and material to defendants' defense against the charges in the Indictment, defendants now renew their motion to take Mr. Shidane's deposition in Somalia pursuant to Rule 15. Defendants propose that, if the government are unwilling to travel to Somalia, then Mr. Shidane's deposition should nevertheless proceed with the government participating by alternate means, such as by video conference.

## Statement of Facts

On July 20, 2012, defendants moved to take Rule 15 depositions of eight Somali witnesses in Somalia. Mr. Shidane was one of these eight witnesses. As described in defendants' Joint Motion to take Depositions Pursuant to Rule 15 and accompanying papers, specifically the Memorandum of Law and Declaration of Alice L. Fontier, Esq., (*See* Dkt. No. 154), which are fully incorporated herein, Mr. Shidane will provide testimony that is both material and necessary to the defense.

On August 22, 2012, the Court concluded that the testimony of Mr. Shidane "may be helpful to Defendants." (Dkt. No. 181, p. 6.) While the Court denied defendants' motion for Rule 15 depositions, it did so without prejudice and subject to a further showing as to conducting the depositions in sites other than Somalia or through alternate means. (*Id*. at p. 10, footnote 6.) The parties were ordered to appear before Magistrate Judge Gallo to discuss potential alternate arrangements for these depositions. After the parties participated in three telephonic conferences before Magistrate Judge Gallo, it was ordered that the depositions of all eight Somali witnesses, including Mr. Shidane, would take place in Djibouti, Djibouti on October 29, 2012 through November 2, 2012. (Dkt. No. 189.) This date range was subsequently changed to November 11, 2012 through November 15, 2012.

Over those dates the foreign depositions were successfully taken in Djibouti, with Magistrate Judge Gallo present, along with attorneys for the government and the defense. Deposition testimony was taken from all of the defense witnesses, except for Mr. Shidane, despite his willingness to be deposed.[1] Mr. Shidane, who the government identifies as "uncharged co-conspirator # 1" in the indictment, (Dkt. No. 161, p. 17) refused to leave Somalia for fear of prosecution after the government refused to grant him safe passage. This refusal was confirmed by his attorney, John Cline, who informed defense counsel that: "Because the United States government is unwilling to guarantee [Mr. Shidane] safe passage to and from Djibouti, and because the court has declined to order that safe passage be given, [Mr. Shidane] will not come to Djibouti for the deposition." (Email from Attorney John Cline to defense counsel, October 30, 2012, Dkt. No. 220, Exhibit 2.)

Because Mr. Shidane is identified as an unindicted co-conspirator, the defense specifically requested from the government a letter of safe passage for Mr. Shidane, which would guarantee that the United States government would not arrest or otherwise detain Mr. Shidane if he appeared for his deposition in Djibouti. Despite assurances that the government would provide safe passage, on October 11, 2012, when the defense requested a safe passage letter in writing, the government refused to provide such a letter. The facts as set forth in the Defendants' Joint Motion To Reconsider The Magistrate Judge's Order Denying Safe Passage to Farah Shidane, Dkt. # 220, are incorporated herein.

Consequently, on October 26, 2012, defendants moved the Court for its Order granting safe passage to the defendants who were to be deposed in Djibouti, and moved in the alternative for an Order allowing the deposition of Mr. Shidane to occur in Somalia, with the government to

---

[1] Mr. Shidane is a citizen of Somalia but has dual citizenship with Djibouti.

participate by videoconference should it refuse to travel to Somalia. (Dkt. No. 213, p. 2.) On October 29, 2012, the Court denied defendants' motion. (Dkt. No. 216.) However, in denying defendants' motion, the Court did not reach defendants' alternative grounds for relief that Mr. Shidane's deposition take place in Somalia with the government to participate by video conference. Defendants filed their objections to that Order denying safe passage with respect to Mr. Shidane on November 5, 2012. (Dkt. No. 220.) That motion was denied on November 8, 2012. (Dkt. No. 223.)

As noted above, the foreign depositions of all defense witnesses save Mr. Shidane were successfully taken in Djibouti with Magistrate Judge Gallo, the government, and members of the defense team present, along with translators and videographers.

## ARGUMENT

### THE "EXCEPTIONAL CIRCUMSATNCES" IN THIS CASE AS WELL AS THE "INTEREST OF JUSTICE," JUSTIFY THE GRANTING OF DEFENDANTS' RENEWED MOTION FOR LEAVE TO TAKE THE DEPOSITION OF FARAH SHIDANE PURSUANT TO RULE 15, FED.R.CRIM.P.

In the motion for Rule 15 depositions, defendants explained why the deposition of the eight Somali witnesses satisfied the requirements of Rule 15. (*See* Dkt. No. 154, pp. 3-12.) Defendants incorporate and renew all of those arguments herein.

Defendants specifically note that Mr. Shidane's materiality to the defense remains unchanged, and the taking of his testimony is necessary for a fair trial. Defendants anticipate that Mr. Shidane would provide testimony that about the development of the local administration in the Gelgaduud region and his opposition to al-Shabaab. Mr. Shidane would further testify that his opposition to al-Shabaab resulted in him being targeted by al-Shabaab. Mr. Shidane would also testify that he has known defendant Moalin for many years, and that he received money from Mr. Moalin because he was the treasurer of the development council for the local

administration.  This money received from Mr. Moalin was used to build and maintain the Orphan Care Center in the city of Gurieel and provided humanitarian aid during drought.  Mr. Shidane would testify that this money provided by Mr. Moalin was not intended for, or provided to, al-Shabaab.  Thus, the testimony of Mr. Shidane is essential for defendants' ability to present a defense and for their Due Process rights to a fair trial.  Indeed, the government alleges that the money sent by Mr. Moalin to Mr. Shidane was in support of al-Shabaab.  Mr. Shidane will essentially testify to the exact opposite.  This testimony is thus unequivocally material.  *United States v. Jefferson*, 594 F. Supp. 2d 655, 667 (E.D. Va. 2009) ("[i]n the Rule 15 context, 'materiality has the same meaning the Supreme Court gave the term in *Brady v. Maryland*…namely, that the evidence or testimony must be exculpatory, and not corroborative or cumulative of other evidence.")

Further, there can be no debate as to Mr. Shidane's unavailability under Rule 804(a),Fed. R. Evid.  As Mr. Shidane's counsel, Mr. Cline, informed defense counsel after speaking with his client, Mr. Shidane "will not come to Djibouti" because the government refused to guarantee safe passage and the court declined to order safe passage.

Finally, any security and safety concerns regarding travel to Somalia, which weighed strongly in the Court's decision denying defendants' Rule 15 motions (Dkt. No. 181, p. 9), may be allayed if the government were to participate in the deposition by video conference with Mr. Shidane in Somalia.  Numerous courts have held that a defendant's participation in a Rule 15 deposition via video conference is sufficient and comports with the Confrontation Clause.  *See*, *e.g.*, *United States v. McKeeve*, 131 F.3d 1, 8-9 (1st Cir. 1997) ("In cases where actions by, or the laws of, a foreign nation effectively preclude the defendant's presence, furnishing the defendant with the capability for live monitoring of the deposition, as well as a separate (private) telephone

line for consultation with counsel, usually will satisfy the demands of the Confrontation Clause."); *United States v. Medjuck,* 156 F.3d 916, 920 (9th Cir.1998) (permitting admission of videotaped testimony of government's Rule 15 deposition witness when defendant was unable to be present for depositions but was able to witness depositions by live video feed); *United States v. Sapse*, 2011 WL 1576898, *5 (D. Nev. 2011) (granting government's motion to have defendant participate in Rule 15 deposition by "two-way" video conference if conditions of defendant's release are not modified for him to travel overseas).  Certainly, if live video monitoring satisfies a defendant's constitutional rights to Confrontation, it would satisfy any interests the government has in participating in the deposition of Mr. Shidane.

## CONCLUSION

For all the reasons set forth above, and in all papers previously filed, it is respectfully submitted that defendants' joint renewed motion to take the deposition of Farah Shidane pursuant to Rule 15, Fed. R. Crim. P., should be granted in its entirety.

DATED:      November 19, 2012               Respectfully submitted,

/s/ Alice L. Fontier
**JOSHUA L. DRATEL**
**ALICE L. FONTIER**
DRATEL & MYSLIWIEC, P.C.
2 Wall Street, 3rd Floor
New York, New York
*Attorneys for Basaaly Moalin*